METROPOLITAN LIFE INS. Co. *v.* McSwAIN.*

(Division A.   Feb. 13, 1928.)

[115 So. 555.   No. 26777.]

1. WITNESSES. *Testimony of physician treating insured, together with hospital records, held properly excluded in beneficiary's action on policy after insured's death; "substantive law;" "adjective or remedial law" (Hemingway's Code 1927, section 7455).*

Under Hemingway's Code 1927, section 7455 (Code 1906, section 3695), testimony of physician attending insured, together with hospital records containing reports of attending physician, *held* properly excluded in beneficiary's action on policy after insured's death, since rule declaring communications to physician or surgeon to be privileged creates a rule of adjective law, and not a rule of "substantive law," which is that part of the law which creates, defines, and regulates rights, as opposed to "adjective or remedial law," which prescribes the method of enforcing rights or obtaining redress for their invasion (citing Words and Phrases, Second Series, "Substantive Law").

2. EVIDENCE. *Witnesses. Hospital records showing result of examinations of insured held properly excluded in beneficiary's action on life policy after insured's death.*

In action on life policy, wherein insurer alleged insured had falsely stated that he had not received hospital treatment within five years before application, hospital records consisting of nurses' and doctors' reports showing result of examinations of insured

during such period *held* properly excluded as constituting hear-
say testimony and consisting of statements of physician treat-
ing insured while a patient.

*Corpus Juris-Cyc. References: Adjective Law, 1CJ, p. 1197, n. 8;
Evidence, 22CJ, p. 207, n. 51; p. 902, n. 17; Substantive, 37Cyc, p.
508, n. 22; Witnesses, 40Cyc, p. 2353, n. 99; p. 2381, n. 27; As to
whether hospital records are within the privilege extended to com-
munications between physician and patient, see annotation in 14 L.
R. A. (N. S.) 565; 28 R. C. L. 534.

APPEAL from circuit court of Jones county, Second
district.

HON. R. S. HALL, Judge.

Action by Molly McSwain against the Metropolitan
Life Insurance Company. Judgment for plaintiff, and
defendant appeals. Affirmed.

*Wells, Stevens & Jones,* for appellant.

*Welch & Cooper,* for appellee.

McGOWEN, J.    The Metropolitan Life Insurance Com-
pany, appellant here and defendant in the court below,
was sued by Molly McSwain, appellee here and plain-
tiff in the court below, for one thousand dollars, the
amount of insurance issued by the appellant on the life
of Milous McSwain, appellee's son.    In the declaration
of appellee it was alleged that the policy was issued on
November 2, 1925, that the premiums had been paid in
full, and that while same was in force and effect the in-
sured died, the date of his death being March 8, 1926.
A copy of the contract of insurance together with the ap-
plication therefor, was made an exhibit to the declara-
tion.

The defendant pleaded the general issue, and filed
two special pleas, one to the effect that the insured an-
swered, in his application for insurance, that he had not
received treatment in any hospital within five years next

before his application for insurance, when, in truth and in fact, the insured, Milous McSwain, had been treated, in September, 1925, in the Cook County Hospital, at Chicago, Ill.; and the other to the effect that insured, in his application, answered that he had not had consumption or spinal disease, when, in truth and in fact he had been treated for tuberculosis of the spine and tuberculosis of other joints and organs in Chicago, Ill., at the Cook County Hospital. To these pleas plaintiff tendered issue "in short" by agreement of counsel. The case was submitted to a jury, who returned a verdict and judgment for the plaintiff, and from this judgment the defendant prosecutes this appeal.

We shall set out such other facts as are necessary in the consideration of the several assignments of error.

First. The court, in our opinion, did not commit error in submitting the case to a jury; nor was there reversible error in the instructions complained of.

Second. Appellant, the defendant, assigns, as error, the action of the court in excluding certain questions and answers of Zimmer, warden of the Cook County Hospital, and Dr. Berkheiser, who treated the insured while he was in the hospital. The effect of this ruling was the exclusion, by the court, of the testimony of the physician who attended and treated a man by the name of Milous Mc-Swain in the Cook County Hospital in September, 1925, together with the hospital records, consisting, in the main, of the reports of the attending physicians. This evidence was excluded by virtue of section 7455, Hemingway's 1927 Code (section 3695, Code 1906), which is as follows:

"All communications made to a physician or surgeon by a patient under his charge or by one seeking professional advice, are hereby declared to be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceeding, except at the instance of the patient."

Under this assignment of error, appellant calls upon the court to determine whether this section, commonly known as the privileged comunications statute, creates a rule of substantive or adjective law. It is said that, if the statute is a rule of substantive law, the court below is in error, for the reason that the contract of insurance was written in the state of Illinois, and is an Illinois contract, and governed as to the substantive rights of the parties by the laws of that state. In support of this contention, counsel for appellant call attention to the fact that this statute is not contained in the chapter on "Evidence," but is in the chapter on "Physicians." Counsel also cite cases holding that the privilege may not be waived except by express contract or by express action by the patient when the question is raised. Counsel also cites the case of *U. S. & F. G. Co.* v. *Hood,* 124 Miss. 548, 87 So. 115, 15 A. L. R. 605, wherein this court held that the court should not have received the testimony of the physician, even in the absence of the jury; and the case of *McCaw* v. *Turner,* 126 Miss. 260, 88 So. 705, wherein it was held that such privilege conferred by this statute could not be waived by the patient's heirs, executors, or administrators.

Counsel for appellant say that they can find no case in point. The precise point raised here was decided by this court in the case of *New Orleans & N. E. R. Co.* v. *Jackson,* 145 Miss. 702, 110 So. 586 (not cited by either side), wherein it was held that this statute was to be considered as a rule of evidence, or adjective law, and that it did not create a rule of substantive law. The decision is so plain that we deem it unnecessary to again quote it here.

However, we have taken up the question, and our attention is not called to any case where any of the statutes on privileged communications have ever been held to be rules of substantive law. The privilege conferred by the statute on communications between husband and wife, the rule that the common law conferred a privilege

as between attorney and client, and other like statutes, have usually been treated as rules of evidence, and have been frequently denominated as such by the courts of this land.

This statute disqualified a certain witness from testifying as to certain matters. The statute does not undertake generally to denounce material evidence as being incompetent, but that certain evidence may not be given by a witness under the statutes in courts of the land. The witness, the person, is disqualified; and the situation created, that certain material evidence may not be developed by such witness, does not create a rule of substantive law. As, for instance, an attorney may know facts which would destroy his client's case in the courts, and yet the client's adversary cannot require him to disclose the confidential communication existing between them. Likewise, the same situation might occur, perhaps does occur, that the wife or husband, if required to reveal communications between themselves, or if they were competent witnesses against each other, would be able to maintain the adversary's contention by his or her evidence. But the fact that these witnesses may not be used to establish a defense, or to maintain a material contention in a trial of a lawsuit, is, under the circumstances, the misfortune of the litigant. It is a mere rule of procedure, by which, if unable to prove it by competent witnesses under the law, his case or defense is lost. But that cannot be adopted as a reason for declaring such statutes create rules of substantive law. They do not.

In 4 Words and Phrases, Second Series, p. 754, citing the case of *Mix* v. *Board, etc.,* 18 Idaho, 695, 112 P. 215, 32 L. R. A. (N. S.), 534, the distinction between substantive law and adjective law is aptly stated as follows: " 'Substantive law' is that part of the law which creates, defines, and regulates *rights,* as opposed to adjective or remedial law, which prescribed the method of enforcing rights or obtaining redress for their invasion."

Third.   Counsel next urge that it was error for the court to exclude the hospital records, which consisted of the copies of the nurse's and doctor's reports showing the result or conclusion of examinations made by the physician in the hospital after examining Milous McSwain. These records were properly excluded for two reasons: First, they constituted hearsay testimony; and, second, the records consisted of statements of the physician who treated McSwain while a patient in the hospital.   The relation of physician and patient exists between the patient and the physician who has cause to make an examination and diagnosis of him in a hospital, as well as outside of a hospital, or whether a pay patient or charity patient, and such physician may not deliver his testimony so acquired in open court or have it written down in so-called reports for consideration as evidence in contravention of our privileged communication statute. Counsel cites no authority in his brief sustaining the contention that these records were competent.   While it is true that counsel contends that he wanted to offer the records of the hospital for the purpose of identifying the insured as the person who was in the hospital the month before the insurance was applied for, in our opinion that issue was made up and properly submitted to the jury. The purpose of the party in offering the testimony did not render it competent.   Sustaining this view as to these records, we cite the case of *Stella Smart* v. *Kansas City,* 208 Mo. 162, 105 S. W. 709, 123 Am. St. Rep. 415, 13 Ann. Cas. 932, 14 L. R. A. (N. S.), p. 565, together with the notes thereunder.

*Affirmed.*