## ETHEL ARNOLD, by Next Friend, etc., Respondent, v. THE CITY OF MARYVILLE, Appellant.

**Kansas City Court of Appeals, February 6, 1905.**

1. **EVIDENCE: Personal Injury: Pleading: General Averment: Particular Acts.** A petition for personal injury alleged that the bones of the foot were broken and the ligaments torn confining the plaintiff to her room with great pain and permanent disability of the foot, attended with expense, etc. *Held,* that evidence of a malignant growth on the foot and the subsequent amputation thereof could not be shown in evidence as elements of damage.

2. ———: ———: ———: ———: ———: **Subsequent Amputation.** Under the averments of the petition it could be shown that the injuries specifically charged continued down to the time of the trial and were permanent, but evidence of amputation subsequent to the institution of the action is inadmissible.

3. ———: ———: ———: ———: ———: ———. Under a general averment of injury and damage any result thereof may properly be shown in evidence, but when particulars of an injury are set out the plaintiff is confined to those specified.

4. ———: ———: ———: ———: ———: **Disease.** One who has received a personal injury may show that disease resulted therefrom, such as consumption or cancer or pneumonia, etc., but there must be sufficient averment in the declaration.

5. **PLEADING: Trial Practice: Petition: Demurrer.** Where a petition alleges a particular cause of action for specifically named injuries, it is not subject to demurrer or motion, since it is not defective in form or substance, but evidence of matters outside the petition should not be admitted.

6. **TRIAL PRACTICE: Objection to Evidence: Instruction: Estoppel.** Where evidence is admitted over defendant's objection the fact that he submits such evidence to the jury by his instruction does not preclude his continuing to object to the evidence in the appellate court, as he has a right to try the issues forced upon him.

7. **EVIDENCE: Competency of Physician: Instruction.** Though a plaintiff fail to call his physician and the defendant calls him and plaintiff claims the privilege granted by the statute, the defendant is not entitled to an instruction calling the jury's attention to those matters and suggesting an unfavorable inference as to the character of the physician's testimony.

8. ———: ———: **Examination to Testify: Statutory Construction.** The privilege granted by the statute is humane in its object encouraging the patient to offer every aid to impart information for relief; but when a physician is called not with the view of prescribing, but to qualify as a witness, the result of his examination is not privileged.

Appeal from Nodaway Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*A. F. Harvey, L. C. Cook* and *J. S. Shinabargar* for appellant.

(1) The allegations in respondent's petition are not sufficient to warrant the introduction of testimony of cancer causing the amputation of respondent's foot some four or five years after the alleged injury, such testimony being too remote, unless specially pleaded. Sedgwick on Damages (12 Ed.), sec. 1270; 5 Ency. Plead. and Prac., p. 750; O'Leary v. Rowan, 31 Mo. 119; Brown v. Railroad, 99 Mo. 318; Muth, Ex., v. Railroad, 87 Mo. App. 442. (2) Where it is attempted in the petition to specify particularly the injuries resulting from the principal one, all that are designed to be proved should be stated. Finney v. Berry, 61 Mo. 366; Coontz v. Railroad, 115 Mo. 674; Muth, Ex., v. Railroad, 87 Mo. App. 442; Grady v. Transit Co., 102 Mo. App. 212. (3) The primary cause of a cancer developing on respondent's foot some four to five years after the alleged injury was a point in issue particularly within the knowledge of respondent's physicians. They were present in court, but were not called by respondent, and when called by appellant their testimony is excluded by the court on respondent's objection. Then the jury may infer that the testimony of such physicians would be adverse to respondent, and should have been so instructed by the court. 22 Am. and Eng. Ency. Law, 1261; Cooley v. Faltz, 85 Mich.

47, 48 N. W. 176; Vergin v. Saginaw, 125 Mich. 449, 84 N. W. 1075; Katisfiasz v. Electric Co., 24 Ohio 127; Wenerstrom v. Kelley, 27 N. Y. 326, 7 Misc. 173; Evans v. Trenton, 112 Mo. 390; Graves v. U. S., 14 U. S. 40; People v. Hovey, 92 N. Y. 559.

*W. W. Ramsay, B. R. Martin, W. E. Wiles* and *Blagg & Cummins* for respondents.

(1)   If plaintiff has sustained a personal injury by the negligence of the defendant city, which results in a cancer, damages may be awarded for that result. Railroad v. Kemp, 61 Md. 74; Jewell v. Railroad, 55 N. H. 54, cases where a personal injury superinduced cancer.   Stewart v. Ripon, 38 Wis. 584, a case where a personal injury resulted in scrofula.   Dickson v. Hollister, 123 Pa. St. 421, a case where a personal injury developed erysipelas.   Beauchamp v. Mining Co., 50 Mich. 162, a case where pneumonia resulted from a personal injury.   Railroad v. Buck, 96 Ind. 346, a case where typho-malaria fever and hemorrhage of the bowels resulted from a personal injury. Hanlon v. Railroad, 104 Mo. 381, a case where pneumonia was superinduced by a personal injury.   Seckinger v. Mfg. Co., 129 Mo. 590, a case where pulmonary consumption was produced by a personal injury.   We contend that plaintiff's petition states a sufficient cause of action, and is sufficiently broad to warrant the introduction of evidence of cancer.   (2)   The general rule is that the party who commits a trespass or other wrongful act is liable for all the direct injuries resulting from such act, although such resulting injuries could not have been contemplated as a probable result of the act done.   1 Sedg., Meas. Dam., 130, note; Eten v. Luyster, 60 N. Y. 252; Hill v. Winsor, 118 Mass. 251; Keenan v. Kavanaugh, 44 Vt. 268; Little v. Railroad, 66 Me. 239; Hart v. Railroad, 13 Met. 104; Kellogg v. Railroad, 26 Wis. 223.   (3)   The defects, if any, of

plaintiff's petition, were cured by answer supplementing it. Note the last clause of appellant's answer. Price v. Protection Co., 77 Mo. App. 236; Summers v. Assn., 84 Mo. App. 605; Grace v. Nesbitt, 109 Mo. 9; Ricketts v. Hart, 150 Mo. 64; Powell v. Sherwood, 162 Mo. 605. (4) The defects, if any, of plaintiff's petition should have been taken advantage of by demurrer or by motion in the regular way. Marshall v. Ferguson, 78 Mo. App. 645; Hunt v. Ash Grove, 96 Mo. 168. (5) If the defendant pleads to the merits, he thereby waives the objection to mere formal defects, and will not be heard on the trial to object that the petition does not state a cause of action. Strauss v. Transit Co., 102 Mo. App. 644; Murphy v. Ins. Co., 70 Mo. App. 78; Buck v. Railroad, 46 Mo. App. 555; Seckinger v. Mfg. Co., 129 Mo. 590; Grove v. Kansas City, 75 Mo. 672. (6) The defects, if any, of plaintiff's petition were cured by verdict. Jones v. Underwriters, etc., 78 Mo. App. 296; Malone v. Casualty Co., 71 Mo. App. 1; Sawyer v. Railroad, 156 Mo. 468; Cobb v. Railroad, 149 Mo. 135. (7) The appellant at trial without objection, contested the issues of its liability for damages caused by the cancer. It marshalled its testimony upon that point, and by instruction numbered 4, given at their instance, solicited the trial court to submit that issue. A party will not be permitted to try a case on one theory below and invoke another on appeal. Nance v. Metcalf, 19 Mo. App. 183; Corn v. Cameron, 19 Mo. App. 573; Randolph v. Frick, 57 Mo. App. 401; Elevator Co. v. Cleary & Hamilton, 77 Mo. App. 301; Brokerage Co. v. Bagnell, 76 Mo. 554. (8) "A party may take advantage of the communication as privileged, and object to testimony in regard thereto, without any unfavorable presumption or inference arising against him." Lane v. Railroad, 21 Wash. 119; Bank v. Lawrence, 77 Minn. 282; Wentworth v. Lloyd, 10 H. L. Cas. 589; 22 Am. and Eng. Ency. Law, footnotes, 1261;

Rice on Evidence, 647, note 2; Wentworth v. Lloyd, 10 H. L. Cas. 589; 10 Jur. N. S. 961; 33 L. J. Ch. 688; 10 L. T., N. S. 767; Rice on Evidence, 645, note 2, says: "A party cannot be asked as a witness whether he is willing to waive the privilege as to confidential communication with his physician," and cites, McConnell v. Osage, 8 L. R. A. 778; 80 Iowa 293.

ELLISON, J.—This action was brought by plaintiff through her "next friend," she being a minor. The ground of the action is personal injury received by plaintiff on one of defendant's sidewalks alleged to have been negligently permitted to become and remain out of repair. She was nine years old when injured. The result in the trial court was in plaintiff's favor.

The petition was in the usual form in such cases and after charging the negligent condition of the sidewalk, proceeded: "Plaintiff further states that, on the date aforesaid (August 25, 1898) at the said intersection of Main street and Ninth street, and while said sidewalk was then and there in the condition aforesaid, she was passing over and along the same, and by reason of the rotten and defective condition of said sidewalk and the large holes therein and being out of repair as aforesaid, she, while exercising all due caution and care, slipped and fell and her right foot passed into said hole and was violently wrenched, the bones thereof broken and the ligaments thereof torn and ruptured, in consequence of which plaintiff was confined to her room for the space of more than one whole year, suffered great pain of body and mind and became permanently disabled in said foot and is permanently deprived of the use thereof, and was compelled to and did expend a large sum of money, to-wit, $————, for medicine and medical and surgical attendance and treatment for her said injury."

There are but two points of objection to the judgment. The evidence for plaintiff showed that in

August, 1898, she fell by reason of stepping in a hole
in a sidewalk on one of defendant's streets and that
her foot was wrenched and painfully hurt, some bones
being broken. There was evidence further tending to
show that she complained of some pain continuously
after her fall and that a growth or enlargement ap-
peared on her foot, though she walked about and at-
tended school with other children until about three years
afterwards. Finally, the growth became sufficiently
serious and sore as to cause her parents to call a phy-
sician. He advised and performed an operation. A
second operation was performed about one year after
the first. In about a year after the second operation,
being near five years after the injury, her foot was
amputated on account of cancer. She instituted the
present action a few weeks prior to the amputation.
The evidence does not make clear just what length of
time she was confined to her bed by reason of the
operations including the amputation, but it was prob-
ably near one year.

Defendant objected to any evidence of the
"bunch" or growth upon the foot, which was said to
be the inception of the cancer, and also objected to evi-
dence that she could not wear a shoe on that foot, for
the reason that, "the time was too remote," and that,
"it was not pleaded in the petition." After these ob-
jections were overruled defendant also objected to evi-
dence showing the amputation of the foot on account
of the cancer, for the reason that it occurred after filing
the petition. That objection was likewise overruled.

Each of those objections should have been sus-
tained. It will be noted that the petition alleges the
specific consequences which followed, or were caused
by, or resulted from, the fall, viz.: that her foot was vio-
lently wrenched, that the bones of her foot were broken
and that the ligaments of her foot were torn and rup-
tured, "in consequence of which" she suffered "great
pain of body and mind and became permanently dis-

abled in said foot'' and was put to the expense stated. It seems to be clearly improper to admit evidence of a totally independent injury manifestly not falling within those specifically set up as the result occasioned by defendant's negligence.

The amputation of the foot on account of cancer thus omitted to be charged as one of the results of her injury did not occur until after this action was begun. Doubtless it may properly be shown that injuries specifically charged continued on down to the time of the trial and that they were permanent. But that is an altogether different proposition from that of suddenly confronting a defendant with a cause of injury not one of those specifically alleged and with the aggravated results of such injury after the beginning of the suit.

In an action for nuisance it will be sufficient to make a general charge of injury without specifying its details, but if the particular injuries resulting from the principal one are specified in the petition, ''all that are designed to be proved should be stated.'' [Pinney v. Berry, 61 Mo. 366.] That case has direct application here. And the following, wherein it is held that while a general charge of negligence will be sufficient, yet if the petition sets out the particular acts, no other can be proved, state propositions closely analogous to the question before us. [Muth v. Railroad, 87 Mo. App. 422; Waldhier v. Railroad, 71 Mo. 514; Schneider v. Railroad, 75 Mo. 295; Buffington v. Railroad, 64 Mo. 246; Edens v. Railroad, 72 Mo. 212; Garvin v. Railroad, 100 Mo. App. 617.]

We do not say that if plaintiff had alleged generally that in consequence of her fall she injured her foot, that she might not have shown that a cancer was a result of that injury, or a part of that injury. But we do say that having alleged what her injuries were, and the particulars of such injuries, and that in consequence of such injuries she suffered the damage

claimed, she can not go outside those specified. To allow such liberty would mislead a defendant and entrap him without warning.

Now, it is true that disease resulting from personal injuries may be shown as damages. Thus, in Seckinger v. Mfg. Co., 129 Mo. 590, consumption resulting from personal injury was held legitimate proof of damage. And in Baltimore Ry. Co. v. Kemp, 61 Md. 74, a cancer was shown to have followed the injury. And so of pneumonia. [Hanlon v. Railroad, 104 Mo. 381; Beauchamp v. Mining Co., 50 Mich. 162.] And so of erysipelas. [Dickson v. Hollister, 123 Pa. St. 421.] And of typhoid-malaria. [Railroad v. Buck, 96 Ind. 346.] The foregoing cases were cited and relied upon in Seckinger v. Mfg. Co., ante, but in none of them, save in the latter, was any question of pleading made or decided; indeed, the report of the cases does not show what was stated in the petition, save in the Seckinger case. In that case the petition is set out and it shows only a general allegation that the plaintiff therein was "struck on the chest by a piece of lumber" thrown from a machine which "inflicted upon him painful internal injuries," and in consequence of which he "suffered great pain of body and mind." So the question here did not in any way appear in that case.

Plaintiff has urged upon us that if there were defects in the petition they should have been taken advantage of by demurrer or by motion. But the petition was not defective in form, nor in substance; for it properly and formally alleged a cause of action. It alleged a particular cause of action for specifically named injuries. There could not have been an objection to the petition on its face. The trouble arose in giving evidence, over defendant's protest, of matters outside the petition.

Neither is defendant estopped from complaint of the admission of such evidence by the fact that the court gave an instruction, at the instance of defendant,

submitting the question as to the cancer and amputa-
tion. Defendant was not bound to stand by and risk
an adverse verdict. A party has a right to try the
issues which have been forced upon him. The rule of
self-invited error does not apply to such case.

The remaining objection taken to the judgment is
embraced in the following statement in defendant's
brief: ''The primary cause of a cancer developing·on
respondent's foot some four to five years after the al-
leged injury was particularly within the knowledge of
respondent's physicians. They were present in court,
but were not called by respondent, and when called by
appellant their testimony was excluded by the court on
respondent's objection. Then the jury may infer that
the testimony of such physicians would be adverse to
respondent, and should have been so instructed by the
court.'' It is but repeating the statute itself (section
4659, Revised Statutes 1899), to say that, all informa-
tion obtained by a physician whether by communication
from the patient or observation of the physician
''which information is necessary to enable him to pre-
scribe for such patient as a physician, or to do any act
for him as a surgeon,'' is privileged and cannot be used
against the patient without his consent. [Smart v.
Kansas City, 91 Mo. App. 597.] Therefore, though a
physician called to attend upon a plaintiff profession-
ally may learn all about the nature of his injuries or
the disease said to have followed therefrom, and no one
else may know so well as he, yet the plaintiff need not
call him as a witness and if he does not do so, no un-
favorable inference should be drawn therefrom. [Lane
v. Railroad, 21 Wash. 119; Nat'l Bank v. Lawrence, 77
Minn. 282.] It is not even permissible to ask of the
party whether he will waive the privilege and permit
the physician to testify, since his refusal would tend to
discredit him and thereby in a manner force him to
consent. [McConnell v. City of Osage, 80 Iowa 293.]
In Wentworth v. Lloyd, 10 H. L. Cas. 589, it was held

no ground for presumption against one who refused to waive the privilege as to communications made to his solicitor in a professional capacity. It must be clear that if an unfavorable presumption against one should be allowed when he refused to waive his privilege; or failed to call the physician as a witness, the privilege itself would be destroyed and the policy of the statute thwarted. The question here presented was not under consideration and was not decided by the remark of the court in Evans v. Town of Trenton, 112 Mo. 403, 404.

But there is a further consideration embraced in the point made by defendant which is not so easily disposed of. It is claimed by defendant that three physicians were called by plaintiff to examine her for the sole purpose of qualifying them as witnesses in her behalf as to the nature and extent of her injuries. The first object of the statute may be said to be a humane object: that is to say, to render as much aid as possible to the restoration of the patient's health or relief from his suffering and injury. It therefore adopted the policy of rendering every assistance to the physician by holding inviolate any communication made to him in his professional capacity and any information he might receive from an examination of his patient which were *necessary to enable him to prescribe;* thus encouraging and inducing the patient to offer every aid in his power towards imparting the information. The words of the statute are, "which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon." It is apparent that the information gathered by the physician or surgeon must be in his capacity of waiting upon the patient with a view to his cure or relief, if possible: that is to say (in the words of the statute), to enable him to prescribe for the patient as a physician, or do any act for him as a surgeon. So therefore if a physician or surgeon examines a sick or injured

person, not with a view of prescribing for him or doing any act for him in the line of surgery, he is not disqualified as a witness. It was no part of the object of the statute to facilitate the efforts of a litigant in obtaining evidence with which to advance his cause. We therefore rule that if it appears that physicians or surgeons were called to examine plaintiff only with a view of qualifying them to testify in the cause, the result of their examination was not privileged.

The judgment will be reversed and the cause remanded. The other judges concur.