SMITH *v.* DAUBER.

(Division A.   Dec. 16, 1929.)

[125 So. 102.   No. 28165.]

Magruder, Walker & Magruder, of Starkville, for appellant.

Will E. Ward, of Starkville, for appellee.

Argued orally by **A. Magruder**, for appellant, and by **Will E. Ward**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was struck and injured by an automobile owned by the appellee and driven by his wife, and sued the appellee for the damages alleged to have been sustained by her because of such injuries.

When the appellant rested her case, the court excluded her evidence, and directed the jury to return a verdict for the appellee.

The sole question presented for decision is the liability, vel non, of the appellee for the alleged negligence of his wife in driving the automobile.

The appellant's contentions are that the appellee is liable under the "Family Purpose Doctrine," and, if not, that a relation similar to that of master and servant existed between him and his wife, for the reason that she was driving the automobile at his request for a purpose of his own.

The evidence discloses that the automobile was owned by the appellee, and was used for general family purposes, being driven sometimes by him and sometimes by his wife. He was a football coach at the Agricultural and Mechanical College, a short distance from Starkeville, where the accident occurred, and his wife was accustomed, each day around six-thirty P. M., to come for him in the automobile and drive him home. He was at the college when the accident occurred.

The appellee, who was introduced as a witness by the appellant, stated that he had made no request of his wife to come for him, and that he did not know where she was going when the accident occurred.

Prior to the trial of the case on the merits, a motion for a continuance was made by the appellant, and, when testifying in support thereof, he was asked and answered the following questions propounded by counsel for the appellant:

"Q. Why was your wife driving the car? A. It is quite a long ways out to the college where I was coaching. She was driving out there to bring me home.

"Q. That was in accordance with your request? A. Yes, sir."

An objection then interposed by counsel for the appellee was sustained, and the inquiry was pursued no further. These questions and answers were introduced in evidence on the trial on the merits. The automobile was a Ford coupé, and, when the accident occurred, the appellee's wife, who was driving it, had a lady friend in the car with her who lived between the place of the accident and the college. Where they were going does not appear.

The case comes squarely within the "Family Purpose Doctrine" in vogue in a number of jurisdictions and repudiated in others. That doctrine is that, where one provides an automobile for general family use, the use of such automobile by a member of his family is within the scope of the owner's business, and he is liable for injuries inflicted by the negligent driving of the automobile by any member of his family. This doctrine seems to have originated in an intermediate court of appeals in the state of Missouri, but was afterwards repudiated by the supreme court of that state. The reasons for and against the doctrine have been so often and so clearly stated by the various courts, the decisions of which will be found collated in volume Two, Blashfield's Cyclo-

paedia of Automobile Law, p. 1454 et seq., that no good purpose will be served by again setting them forth.

We have arrived at the conclusion that the doctrine is a modern innovation in the law of torts, and that we should adhere to the rule heretofore acted on by this court that the owner of an automobile being driven by another who is not his servant, or who was not driving the automobile for the owner's benefit, at his express or implied request, is not liable for injuries negligently inflicted by such other in driving the automobile, unless he (the owner) was negligent in permitting such other to drive the automobile. There is no contention here that the appellee was guilty of any negligence in permitting his wife to drive the automobile.

The appellee's admission, when testifying in support of his motion for a continuance, that his wife was going to the college for him at his request when the accident occurred, in the light of his testimony on the merits, is insufficient to support a finding that his wife was driving the automobile at his request, for a purpose of his own. It is clear that he did not know what her purpose in driving the automobile was, nor where she was going, and that he had in mind, when testifying on the motion for a continuance, her custom to come for him when his duties at the college were over.

Affirmed.