## SHARPLES v. WATSON.

(Division A. April 21, 1930.)

[127 So. 779. No. 28598.]

Daniel & Greene, of Starkville, for appellant.

Watkins, Watkins & Eager, of Jackson, for appellee.

McGowen, J., delivered the opinion of the court.

On the declaration filed by the appellant, Virginia Sharples, of Birmingham, Alabama, against the appellee,

Mrs. W. C. Watson, of Oktibbeha county, Mississippi, for damages on account of personal injuries received by appellant in an automobile collision, there was a trial which resulted in a verdict for the appellee; judgment rendered thereon by the court accordingly, and, from this judgment, the appellant appeals to this court.

The court below gave a peremptory instruction for the appellee, and this is the only assignment of error.

The injuries occurred because of a collision of the appellee's car with another at or near the intersection of Fourteenth street and Fifteenth avenue in the city of Birmingham. Appellee's car was being driven by Hugh Lobdell, a student at the A. and M. College at Starkville, Mississippi, in which car, at the time of the accident, was another student, Beverly Leigh, sitting in the rumble seat of the car, which was a Ford coupe, with appellant as his companion on said rumble seat. Miss Virginia Watson was on the front seat with the driver, and there is no evidence contradicting the statement of eyewitnesses that Lobdell, the driver, was negligent in that he drove at an excessive rate of speed in violation of the law.

The appellee, Mrs. W. C. Watson, was not in Birmingham at the time, but was at her home in Starkville, Mississippi. She was the main witness for appellant and upon her testimony this case turns. Her evidence is to the effect that the two A. and M. College students, above named, and her daughter, Virginia Watson, desired to leave Starkville and go to Birmingham, Alabama, to attend a field track meet, and they importuned appellee to permit the use of her car for these young people to make the trip to Birmingham, and that she finally consented that they might use her car for that purpose, provided Hugh Lobdell should drive her car, and her sister, Miss Carpenter, would accompany the young people as a chaperon. She knew that these young people had telephoned Mrs. Sharples, the mother of Virginia Sharples, that on a certain day they would be at her home for lunch. There is nothing in the record showing that Mrs. Sharp-

les had any knowledge other than that Lobdell was a competent driver of an automobile. The young people arrived at Birmingham, making an overland trip in the car, for lunch at the time appointed, and, after lunch, Lobdell, Virginia Watson, Leigh, and appellant, Virginia Sharples, left home to attend the field track meet and wrecked the car when they had only driven about a block and a half from the Sharples home. Virginia Sharples was severely and painfully injured in the collision.

The negligence complained of, and the cause of action, arose in the state of Alabama, and the case is controlled by the applicable rules of law of that state. The court below held there was no liability. Under this state of facts, was there any liability as against the owner of the car?

The appellant concedes that the burden of proof was upon her to show that her injury and damages were caused by the negligence of the driver of the Ford coupe of Mrs. Watson, and that such driver was at the time the agent, servant, or employee of Mrs. Watson, and that the appellant, Virginia Sharples, was the guest of Mrs. Watson, riding, at the time, with the full knowledge and consent of the owner, and that she (appellant) was not guilty of contributory negligence at the time of the injury.

It will be noted that Mrs. Watson could not have known anything about what was occurring with reference to the use of her automobile after it had made the trip from Starkville, Mississippi, to Birmingham, Alabama.

It may be conceded that Lobdell, the driver of the automobile, was negligent, and that the appellant was injured as the proximate result of said negligence without fault on her part. Under these facts, was Lobdell, the driver of the automobile, the agent, employee, or servant of Mrs. Watson, the appellee, at the time of the injury?

It is the law in Alabama that the operator of a motor car or other vehicle is bound to exercise reasonable care

to avoid injury when he is transporting a guest. See Garner v. Baker, 214 Ala.. 385, 108 So. 38.

Counsel for appellant bases his contention for a reversal on the cases of Stovall v. Corey Highlands Land Co., 189 Ala. 576, 66 So. 577, and Hackney v. Dudley, 216 Ala. 400, 113 So. 401, and stoutly insists that the facts in the case at bar are brought within the purview of, and are controlled by, these cases. In the case of Hackney v. Dudley, supra, it was shown that Hambright, at the time of the injury complained of, was operating a truck belonging to Hackney; that Hambright was transporting merchandise to customers, having in the truck, as his employees, his son and a negro, and that his son, or the negro, was driving the truck at the time of the collision. Hambright was under no restrictions as to who drove the truck. The owner paid for the gasoline and furnished the truck, while Hambright drove where he pleased and sold goods where he pleased, and Hambright and Hackney shared in the profits. At regular intervals Hackney would check up Hambright, who received one-third of the profits. On these facts, the court held that, although the truck was in the custody of Hambright who drove and used it, and Hackney exercised no control over the manner, occasion, or details of the operation thereof, Hackney furnished the truck to Hambright for use in the prosecution of a joint enterprise, for their common advantage, and that the profits were to be shared by them in a preagreed proportion. A comparison of the case with the case at bar is rendered wholly unnecessary, as the difference is clearly apparent. In the case at bar, the facts constitute simply a loan of her car by Mrs. Watson to the young people in order to enable them to make their trip to Birmingham. There was no common cause, common venture, or joint enterprise involved in the case at bar at all.

In the Stovall v. Corey Highlands Land Co. Case, supra, the automobile was the property of the Corey Highlands Land Company. At the time the plaintiff was injured, it was being used in exploiting certain of the

lands of the company some distance from Birmnigham, and it was the custom of the company to furnish prospective purchasers with an automobile and a driver for transporting such purchasers to and from the city of Corey, Alabama, where the land was situated. Many agents were engaged in undertaking to sell lands of the company and used cars in transporting prospects. The plaintiff was being so transported in one of these cars, and was injured as the result of the negligence of a chauffeur. The court held that the facts of the case and the loan of the car were in furtherance of the efforts of the land company to advertise and sell its lands.

In the case at bar, Mrs. Watson was not to derive anything of pleasure or profit because of the use of her car in making the trip to Birmingham by the young people, and in the use thereof after they had completed their journey. The only interest she may be said to have had was the fact that a member of her family was an occupant of the car. In the Land Company Case, supra, the judgment might well have been that the chauffeur was the agent of the owner of the car, and was engaged in the furtherance of business for the owner at the time of the injury.

We are clearly of the opinion that the facts in the case at bar are not brought within any of the Alabama cases cited above.

It is the rule that the mere lender of an automobile is not liable to one who is injured by the negligence of the driver of such automobile. 2 R. C. L. 1201, par. 35. This statement of law was approved by the Alabama court in the case of Beville v. Taylor, 202 Ala. 305, 80 So. 370. In the case of Bradley v. Ashworth, 211 Ala. 395, 100 So. 663, a physician was the owner of an automobile, and permitted his wife to have free use of it for her convenience and pleasure, and, on the occasion of the injury, the wife, alone, was driving the car back home after having carried him to his place of business, when she collided with an electric car operated by the receivers of the street car company. The physician, owner of the

automobile, sued for damages to it, and the court held that the physician was not answerable for the contributory negligence of his wife as his servant, agent, or employee, and that, as between husband and wife, the relation was that of bailor and bailee, and, if there was any recourse in favor of the defendant in that case, it was against the bailee, the wife.

The case of Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87, in principle, is on "all fours" with the case at bar. See also, the cases of Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; and Garner v. Baker, 214 Ala. 385, 108 So. 38.

In Mississippi, as held by this court, the family purpose doctrine is not recognized. See Smith v. Dauber (Miss.), 125 So. 102. That doctrine is not recognized in Alabama, and it is the only possible theory upon which the appellant could base a cause of action upon the facts of the case at bar. For the family purpose doctrine see the cases of Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Bradley v. Ashworth, supra; and Tullis v. Blue, 216 Ala. 577, 114 So. 185, 186.

The relation of servant and, agent of employee not existing between Lobdell and Mrs. Watson at the time of the injury in the case at bar, there can be no recovery.

It is rather difficult to imagine how the injured young lady could be other than the guest of the occupants of the car, rather than the guest of the owner of the car under the circumstances which we have detailed. This record does not disclose, nor is it shown, that Mrs. Watson had any knowledge of what transpired in Birmingham, or any control of the acts of the occupants of the car on the occasion here in question. Authorities would seem to be unnecessary, though they are abundant in the cases which we have cited.

The court below committed no error in giving the peremptory instruction for Mrs. Watson, the appellee in this case.

Affirmed.