MURPHY *v.* WILLINGHAM.

(Division A. March 30, 1931.)

[133 So. 213. No. 29322.]

Magruder, Walker & Magruder, of Starkville, for appellant.

**T. W. Scott**, of Eupora, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was struck and injured by an automobile driven by a son of the appellee, and she sued him for damages resulting therefrom. At the close of her evidence, it was excluded from the consideration of the jury, and a verdict was directed for the appellee.

We shall assume, for the sake of the argument, that the negligence vel non of the driver of the automobile was for the determination of the jury. The driver was eleven years and nine months old, and had been driving an automobile for about three years, and the only evidence relative to his efficiency as a driver is that "he was a good driver; he was not reckless; he was always

careful; . . . he always drove at a moderate speed.'' The appellant was walking along, and stepped suddenly toward the center of a public street, when she was struck by the automobile coming from the rear. No signal of the approach of the automobile was given. She testified, though her source of information thereof does not appear, that the automobile did not ''have a horn on it that would blow.'' The following answers and questions appeared in the testimony of the appellee, who was introduced as a witness for the appellant:

''Q. Do you know whether the horn on the car was working at the time? A. No, I don't, I couldn't say.

''Q. You couldn't say? A. Sometimes—it is like all other Fords that has been run that long, sometime it is disconnected and won't blow, but I don't remember about that time.''

The appellant's contentions are: (1) That the appellee's son was driving the automobile as the appellee's agent, and therefore he is responsible for his son's negligence; (2) that the appellee was himself guilty of negligence in permitting an eleven year old boy to drive his automobile and in failing to equip the automobile ''with a suitable and effective signal device, for giving notice of its approach,'' as is required by section 5575, Code 1930.

The evidence discloses that the automobile was provided by the appellee for the use of his family, and that his son was permitted, but was not required to drive it; he was not directed generally so to, nor specially on the occasion in question. The appellee lives about a mile from a public school which his son and a daughter eighteen years old attend, both of whom were in the automobile on their way to the school when the appellant was injured. These facts, relied on by the appellant for that purpose, do not change the situation, for the evidence discloses that the children were simply permitted, but were not required, to use the automobile, and the dis-

tance from the appellee's residence to the school is not great enough to impose on him the duty of providing his children with means of transportation from the one to the other. The appellee's son cannot be held to have been driving the automobile as his father's agent. Smith v. Dauber, 155 Miss. 694, 125 So. 102.

We have no statute fixing the age at which a child may drive an automobile other than such as are used for public purposes; and, if there is a presumption that a child of the age of the one here is not competent to drive an automobile, as to which we express no opinion, that presumption was here removed by the evidence which disclosed the child's competency therefor.

Assuming, for the purpose of the argument, that the evidence discloses that it was the duty of the driver of the automobile to signal its approach to the appellant, that the automobile was not equipped with a signal device, and that the appellee would be liable if the absence of such a device contributed to the appellant's injury, the evidence does not disclose that the absence of such a device contributed to her injury. All it discloses is that no signal of the approach of the automobile was given, but is silent as to the reason therefor.

Affirmed.