HARRINGTON *et al. v.* GOUGH.

(Division A. Jan. 23, 1933.)

[145 So. 621. No. 30340.]

See, also, 141 So. 280.

Dunn & Snow, of Meridian, for appellants.

Gabe Jacobson and **Chas. B. Cameron,** both of Meridian, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee, while driving his automobile across a street intersection, was struck by another automobile, which he says was being driven by Mrs. Harrington. He was severely injured thereby, and recovered a judgment against the appellants therefor. The declaration alleges "that the automobile being driven at the time by Mrs. J. S. Harrington was owned by the defendant, J. S. Harrington, and was being used at the time of said accident and for a long time prior thereto by the members of the family of the defendant, J. S. Harrington, and used as a family conveyance by and with the consent, knowledge and permission of the defendant, J. S. Harrington, and on the day of the accident above alleged, was being operated and driven by the defendant, Mrs. J. S. Harrington as the wife and member of the family of the defendant, J. S. Harrington."

The evidence conforms to this allegation, except that the husband did not know of the use by the wife of the automobile on the particular occasion. Mrs. Harrington and a minor son of the appellants were in the automobile at the time of the collision, the son being on his way to his place of business, he then being employed by another with his parents' consent. The appellee says that the automobile was being driven by Mrs. Harrington, but she says that it was being driven by her son, and when she saw that the collision was about to occur, she caught the steering wheel and attempted to deflect the automobile's course so as to avoid the collision.

The evidence presented a question for the jury as to the negligence vel non of the driver of the Harrington automobile, and we will assume, for the purpose of the argument that on the evidence the wife was liable only if the automobile was being driven by her.

The court refused an instruction requested by the husband, directing the jury to return a verdict for him, and also another and separate instruction by the wife directing the jury to return a verdict for her.

The instruction requested by the husband should have been granted; the "Family Purpose Doctrine" not being in vogue in this state. Smith v. Dauber, 155 Miss. 694, 125 So. 102; Sharples v. Watson, 157 Miss. 236, 127 So. 779; Murphy v. Willingham, 160 Miss. 94, 133 So. 213. Whether the wife was driving the automobile, and, if so, whether the collision was caused by her negligence, were, on the evidence, for the determination of the jury, and therefore she was not entitled to a directed verdict.

The appellants complain of several instructions granted the appellee, all of which seem to be unexceptionable, but, if there is error therein, it is not such as to justify a reversal, particularly when the instructions are read in connection with those granted the appellants.

Complaint is also made at the amount of the verdict, but, while it may be large, it cannot be said to be excessive within the rules justifying a reversal therefor.

The judgment of the court below will be reversed as to the husband, and the case as to him will be dismissed; but it will be affirmed as to the wife.

So ordered.