## Hobson *v.* McLeod.

(Division A.   May 1, 1933.)

[147 So. 778.   No. 30582.]

**T. J. Wills,** of Hattiesburg, for appellant.

**Stevens & Heidelberg,** of Hattiesburg, for appellee.

McGowen, J., delivered the opinion of the court.

Hobson, the appellant, sued R. B. McLeod, appellee, for damages for personal injuries alleged to have been received by him on account of the negligent driving of an automobile by the appellee at an excessive rate of speed. The defense offered was that the proximate cause of the injury to appellant was accidental, due to a flat tire on the car appellee was driving. Evidence and inferences therefrom supporting both theories were submitted to a jury, which returned a verdict in favor of appellant for the sum of four hundred dollars. The appellant also sued Mrs. R. B. McLeod, wife of the appellee, as owner of the car, and the court below granted to her a peremptory instruction.

It is first assigned that the court was in error in granting to Mrs. McLeod a peremptory instruction. The only evidence in the record is to the effect that Mrs. McLeod was the owner of the car, but she in no way participated in the negligence of her husband, R. B. McLeod, as she was not present when the car was being driven. McLeod and Hobson were using the automobile for the transaction of business of the appellee, R. B. McLeod, alone. The relation of master and servant as between Mr. and

Mrs. McLeod was not suggested in the record. The case of Cowart v. Lewis, 151 Miss. 221, 117 So. 531, 61 A. L. R. 1229, has no bearing upon the case at bar. There the husband and wife owned the car jointly, and the husband, who was present and seated by his wife, knew of and participated in her negligence in driving the car at the time of the accident. No such case is presented here.

This court does not recognize the family purpose doctrine. See Smith v. Dauber, 155 Miss. 694, 125 So. 102.

There was evidence tending to show that appellant in this case was seriously and painfully injured, and the verdict for four hundred dollars was but slight compensation for the injuries alleged, and which are practically undisputed.

The jury found on an issue of fact that R. B. McLeod was negligent and liable for damages; so liability in this case is established.

The court granted on behalf of the appellee the following instruction: ''The court instructs the jury for the defendant that, under the law, any information or knowledge gained by a physician from his patient while the relationship of physician and patient exists is privileged; and in this case, you are instructed that under this law, while the plaintiff could introduce Dr. Ross as a witness in his behalf and prove any knowledge he gained of plaintiff's physical condition while he was plaintiff's physician, still the defendant is not permitted to do this, and you shall, therefore, draw no unfavorable inferences against the defendant because he did not introduce Dr. Ross as a witness.''

The evidence in this case shows that Dr. Ross was the attending physician of Hobson, and that the relation of physician and patient existed between them as to the injury complained of. Neither side called Dr. Ross as a witness. It was manifest error for the court to grant this instruction. It was a direct invitation to the jury

to draw an inference unfavorable to the appellant, Hobson, because he failed to offer the physician as a witness to testify as to his injuries. The giving of this instruction was an entire departure from the record in this case. The jury had no right to draw any inference against the appellant because he failed to offer the physician as a witness.

Section 1536, Code 1930, declares that all communications made to a physician by a patient are privileged, and only a patient can waive this privilege. It was therefore not within the province of the court to put upon the patient the undue burden of apparently suppressing testimony available to him, when, under the law, he had the right not to present it. This privilege has been up-held by this court in numerous cases, especially in the cases of U. S. F. & G. Co. v. Hood, 124 Miss. 548, 87 So. 115, 15 A. L. R. 605, and McCaw v. Turner, 126 Miss. 260, 88 So. 705. The law may not be granted by the court to a litigant in one breath, and then, in the next, place a burden upon him for availing himself of his clear legal right. This is true even though ordinarily, where a witness is available to one party whose duty it is to introduce him, and the party fails to do so, the failure may be commented on by the adverse party. See Mississippi Central Railroad Company v. Robinson, 106 Miss. 896, 64 So. 838; Valley Dry Goods Company v. Buford, 114 Miss. 414, 75 So. 252.

This question has been settled in this state in an analogous case. In Henry Johnson v. State, 63 Miss. 313, the appellant was on trial for murder. The wife of the defendant was not called as a witness. The state procured the following instruction: "The court instructs the jury that under the laws of this state the state cannot in a criminal trial call upon the wife of a man to testify, but that the defendant can call her to testify in his favor." The court reversed the case because of the granting of this instruction, and Judge ARNOLD, speaking for the

court, said: "It is true, that generally unfavorable inferences may be indulged against a party who fails to produce material and necessary testimony which is within his power and control, but this rule has never been applied to cases where the law, on grounds of public policy, has established privileges against being compelled to produce it. Knowles v. People, 15 Mich. 408. It is well settled that where a party avails of his privilege to refuse to answer a question on the ground that the answer might criminate him, or fails to testify in his own behalf, no presumption to his prejudice is to be drawn on this account. Newcomb v. State, 37 Miss. 383; 1 Greenl. Ev., secs. 451-460; 1 Whart. Cr. L., sec. 782. . . . If the failure of the husband to call his wife as a witness in his behalf is to be construed as testimony, or as a circum-. stance against him, his privilege and option in the matter would be annulled, and he would be compelled, in all cases, to introduce her, or run the hazard of being convicted on a constrained, implied confession or admission, or to make explanations for not introducing her which might involve the sacred privacy of domestic life."

There can be no substantial reason for not applying the same rule to a civil case; the same reason exists; the same public policy exists as is exemplified by the statute in question. The privilege of the patient as existing with reference to his physician would be annulled if the court or counsel were permitted to avail unfavorably of his failure to call his physician. We feel that our court is committed to this doctrine by the announcement in the Johnson Case, supra. There is conflict of authority in other jurisdictions. "No unfavorable inference can be drawn from patient's failure to call physician as witness." Paragraph I, p. 163, 10 Cyc. of Evidence; Brackney v. Fogle, 156 Ind. 535, 60 N. E. 303; Arnold v. Maryville, 110 Mo. App. 254, 85 S. W. 107; Wentworth v. Loyd, Eng. Rep. vol. 11, p. 1154; Pennsylvania R. Co. v. Durkee (C. C. A.), 147 Fed. 99, 101, 8 Ann. Cas. 790.

In the last-mentioned case the court said: "To hold that, because the patient does not waive or abandon the prohibition, inferences adverse to his side of the controversy may be drawn by the jury, would be to fritter away the protection it was intended to afford. When it is the legal right of a party not to have some specific piece of testimony marshaled against him, he may exercise that right without making it the subject of comment for the jury. The law of evidence provides that the copy of a document shall not be proved until the failure to produce the original shall be satisfactorily explained. When a copy is offered, the party against whom it is offered may, if he choose, waive this particular objection; but, if he does not, are the jury to be allowed to draw unfavorable inferences from his insisting upon the cause being tried in the orderly way in which the law provides? In a case where communications between client and counsel were inquired about, Lord Chelmsford said: 'The exclusion of such evidence is for the general interest of the community, and therefore to say that, when a party refuses to permit professional confidence to be broken, everything must be taken most strongly against him, what is it but to deny him the protection which for public purposes the law affords him, and utterly to take away a privilege which can thus only be asserted to his prejudice?' " Citing the Wentworth Case, supra, and other cases.

The instruction considered in the case at bar is nothing more than a statement to the jury that no inference could be indulged against the appellee, McLeod, because the physician was not called, and the jury were warranted in assuming the converse that an inference or presumption might be indulged against Hobson that he ought to call the physician or waive the privilege.

On the question of damages, this instruction was well calculated to raise an unfair inference in the mind of the jury against Hobson, and was reversible error which was in no wise cured in this case.

The case is reversed and remanded to the lower court on the question of damages only; liability having been already established.

Reversed and remanded.

COOK, J., took no part in the decision of this case.