## CULPEPPER *v.* HOLMES *et al.*

(Division B. May 14, 1934.)

[154 So. 726. No. 31248.]

See Culpepper v. Holmes, 170 Miss. 239.

**J. Thomas Dunn**, of Meridian, for appellant.

Bozeman & Cameron, of Meridian, for appellee.

Ethridge, P. J., delivered the opinion of the court.

A. M. Culpepper, plaintiff in the court below, brought suit against D. B. Holmes and Donald McLean for personal injuries inflicted by the car of D. B. Holmes driven by Donald McLean, which injuries occurred on one of the thoroughfares of a city, and which were very serious. It appears from the evidence that there was a football game scheduled to take place at Laurel, and that Donald and David McLean and David Holmes, the minor son of D. B. Holmes, were returning from Laurel short-

ly before twelve o'clock at night. The trip was merely for the purpose of seeing the game scheduled; David Holmes desired to attend same, and his father, D. B. Holmes, asked Donald McLean if he would take the car and drive it, taking appellee's son, David Holmes, and the other boys to attend the game. They made the first trip, but on account of rain the game was not played, but was postponed. On the day of the accident, D. B. Holmes asked Donald McLean if he desired the car to go to the game and if he would take David on the trip, which was agreed to, and the accident occurred as they were returning from the game. On the evening of the accident, Culpepper walked across a thoroughfare to get some cigars, and on his return trip he looked and saw a car some little distance away—there being some conflict in the testimony as to how far the car was from Culpepper—and without looking further proceeded to cross the street. When the car was near Culpepper, some one cried "Look out," and Culpepper's companion stepped aside, but Culpepper was struck and injured.

The defendants Donald McLean and D. B. Holmes were both introduced as adverse witnesses and testified that the car was loaned to Donald McLean merely for the purpose of attending the game, and for no other business of D. B. Holmes; that he never made any charge for the car, and frequently loaned it to other people without charge.

At the conclusion of the plaintiff's testimony, a motion was made for a directed verdict for D. B. Holmes which was sustained. The case proceeded to trial resulting in a judgment for the plaintiff as against Donald McLean. There was no appeal from this judgment either by Donald McLean or Culpepper, but McLean seeks to cross-assign error on Culpepper's appeal, and complains of the rulings and instructions given by the trial court as to the liability of Donald McLean.

The citation to answer the appeal recites that A. M.

Culpepper recovered judgment against Donald McLean, one of the defendants, for seven thousand five hundred dollars, besides the costs of suit, having been denied judgment against D. B. Holmes, the other defendant, and feeling aggrieved at the judgment discharging D. B. Holmes has prayed and obtained an appeal as to said judgment returnable to the Supreme Court. There is no assignment of error on the part of Culpepper as to the McLean judgment, but the complaint is as to the action of the court in discharging Holmes.

It seems to be the contention of appellant that D. B. Holmes is liable because he loaned the car to Donald McLean with the understanding that David Holmes, appellee's son, would make the trip with McLean.

The family purpose doctrine as to automobiles does not exist in this state, and we think the court below correctly directed a verdict in favor of D. B. Holmes under the doctrine announced in the cases of Vicksburg Gas Co. v. Ferguson, 140 Miss. 543, 106 So. 258; Smith v. Dauber, 155 Miss. 694, 125 So. 102; Sharples v. Watson, 157 Miss. 236, 127 So. 779; Harrington v. Gough, 164 Miss. 802, 145 So. 621; Murphy v. Willingham, 160 Miss. 94, 133 So. 213; and Hobson v. McLeod, 165 Miss. 853, 147 So. 778. We find no petition praying for an appeal by either Culpepper or Donald McLean, and no complaint is made by appellant of the judgment against Donald McLean.

The judgment is separable and independent, and it is not competent for Donald McLean, not having appealed, to cross-assign errors on the appeal of Culpepper as against Holmes. Consequently, we do not pass upon the questions involved in the trial between Culpepper and the defendant Donald McLean, as they are not rightfully before us.

Affirmed.