McLean *v.* Culpepper.

Culpepper *v.* Holmes *et al.*

(Division B.  June 11, 1934.)

[155 So. 344.  No. 31248.]

See Culpepper v. Holmes, 170 Miss. 235.

**J. T. Dunn,** of Meridian, for appellant.

**Bozeman & Cameron,** of Meridian, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appeal of A. M. Culpepper in the above-numbered cause was decided at a former day of this court and a judgment rendered dismissing D. B. Holmes was affirmed. 154 So. 726.

In the appeal of A. M. Culpepper against D. B. Holmes, the appeal bond showed an appeal from a judgment dismissing Holmes.  There were cross-assignments of error filed by Donald McLean challenging the correctness of the judgment against him.  We held that cross-assignments of error could not be filed, as there was no appeal by McLean.  This record was filed on February 24, 1934,

and the index did not show an appeal bond by Donald McLean. However, an appeal bond was sent up and filed April 12, 1934, prior to the submission of the case for argument, but not noted in the index. It was merely pasted in the back of the record, and our attention was not called thereto. The petition for appeal was granted on April 9th by the circuit judge, but was not filed in this court until May 18, 1934.

Inasmuch as the appeal of A. M. Culpepper from the judgment releasing Holmes was only an appeal from a separate judgment, it was necessary for McLean, if he desired to appeal, to file an appeal bond, as he did, and Culpepper should have been summoned to appear and answer this appeal. However, as the case was argued orally by counsel representing McLean, and the suggestion of error was filed and served on Culpepper's attorney, we will proceed now to consider the appeal of Donald McLean.

The main ground assigned for reversal is that the court admitted evidence that no horn or signal was sounded as the automobile approached Culpepper, and that the declaration contained no count of negligence under which such evidence could be admitted.

The facts developed by the evidence were that the injury occurred on Twenty-Second avenue in the city of Meridian, and that there were no obstructions in the street, that there were street lights along said street, and that the lights on the automobile were burning, and, according to McLean's testimony, he was within six or eight feet of Culpepper and his companion before he saw them, and did not have time to sound his horn after seeing them. He also testified that he kept a lookout.

There was a dispute as to the rate of speed, the plaintiff's testimony being that it was twenty-five or thirty, and McLean's that it was about twenty miles per hour.

The declaration contained the following: "Plaintiff charges that it was the duty of the defendant, D. B.

Holmes, Jr., acting by and through his agent, Donald McLean, to operate said automobile upon the streets and highways of the City of Meridian, Mississippi, in a safe, lawful and careful manner, and with a high regard for the rights and privileges of others traversing and using said streets and highways and that it was the duty of the said defendant, D. B. Holmes, Jr., acting by and through his agent, Donald McLean, to keep said automobile under easy and constant control and to operate said automobile in a safe and careful manner and at a legal rate of speed. And this, the plaintiff charges the defendant, D. B. Holmes, acting by and through his agent, Donald McLean, failed to do.'' It was charged in the declaration that when the automobile belonging to D. B. Holmes, and being driven by Donald McLean, came up Twenty-Second avenue going northward in such a reckless, careless, grossly negligent and dangerous manner, it was being driven at such a high rate of speed as to run into and knock down the plaintiff, thereby bruising, mashing, and greatly injuring him.

We think this declaration not only declared a high rate of speed, but a reckless, dangerous, and careless method of using the automobile in said street. It is difficult to see how a person traveling this avenue and keeping a lookout of a reasonable nature could avoid seeing Culpepper in time to give some alarm or warning. It is manifest from the evidence that Culpepper was not keeping a lookout, and the court instructed the jury that he was guilty of contributory negligence. Seeing, or being in a position to see, Culpepper in the street for two hundred yards, or any reasonable distance, and seeing that he was not keeping a lookout for his own safety, some alarm should have been given to call his attention to the approach of the automobile, or it should have been easily diverted so as to avoid injuring him.

We have examined all the contentions of McLean in reference to the judgment against him and the evidence

bearing thereon, and find no reversible error therein. Therefore the judgment will be affirmed.

Affirmed.