BOURGEOIS v. MISSISSIPPI SCHOOL SUPPLY CO.

(Division A. June 5, 1934.)

[155 So. 209. No. 30994.]

**W. A. Shipman** and **S. C. Broom,** both of Jackson, for appellant.

Watkins & Eager, of Jackson, for appellee.

ON SUGGESTION OF ERROR.

**McGowen, J.**, delivered the opinion of the court on suggestion of error.

After a thorough re-examination of this case on suggestion of error, aided by counsel on both sides, we have decided that the suggestion of error should be sustained, the former opinion, reported in 152 So. 642, withdrawn, and this opinion substituted therefor.

Mrs. Bourgeois sued the Mississippi School Supply Company for personal injuries sustained by her and for damages to her automobile caused by a collision with the appellee's truck, and, at the conclusion of the evidence, the court below sustained a motion to exclude the evidence of the plaintiff, and directed a verdict for the defendant. Mrs. Bourgeois appeals therefrom.

John Woodson, a negro employee of the appellee, the Mississippi School Supply Company, drove its truck for the purpose of delivering merchandise for shipment to customers out in the state, and to customers in Jackson. On the day of the accident and prior thereto, he had not delivered any goods, but had worked in the ware room. At noon he took the truck of the appellee from the place where it was kept and drove to his home in the city about one and one-half miles away for the purpose of getting his noon lunch, which the evidence tended to show he did on other occasions, and that the superior officers, agents of the Mississippi School Supply Company, knew that he so used the truck. On this occasion he had no special

permission so to do. On leaving the office on the day in question, he had arranged with one of the shipping clerks named Rankin, who lived in West Jackson, to come by his house and take him back to the office after their lunch. Woodson drove the truck to his home, ate lunch, and was proceeding down Mill street in the direction of his place of employment. On reaching Monument street, he made a turn to the west, and had proceeded a short distance on Monument street, when, at the intersection of Bailey avenue and Monument street, the collision occurred between the truck and Mrs. Bourgeois' car. Woodson's home was in Northeast Jackson, east of the Illinois Central Railroad tracks, and the place of the collision was in West Jackson, a short distance from Mill street, which was the direction of the driver's route back to the place where the truck was usually kept and where the business of the appellee was conducted. He had turned west on Monument street for the purpose of going by Rankin's home and taking him back to the office in the truck, thereby deviating from the direct route to his place of work.

It is not shown, by any evidence, that the master in this case had any interest in, or connection with, the manner of its employees going to and from their lunch, and there was no reason adduced in the evidence for their speedy return to the office. The president of the Mississippi School Supply Company, Boyd Campbell, testified that Cade, a shipping clerk, was immediately in charge of the truck driver, and the president's brother, Jim Campbell, was generally in charge of the whole business. Woodson had so accommodated Rankin on other occasions, and it is not shown that the superior officers or the master knew about this. On that day, Rankin went to his lunch in a street car. It was shown that Cade always gave the shipping orders. Woodson was not the only driver of the truck, another drove it on occasions. Woodson was

not shown to be an incompetent driver. Rankin, the shipping clerk, sometimes directed the drivers in the matter of shipping and delivering freight. Woodson thought he was not permitted to use the car for the purpose of going to lunch.

The court below excluded the evidence on the theory that, at the time of the injury, the servant was on an independent mission of his own, and had departed from the course of his employment and was acting without its scope. On this question, a peremptory instruction being given, everything which the evidence establishes, either directly or by reasonable inference, must be considered as proven against the party in whose favor the instruction is granted. Dean v. Brannon, 139 Miss. 312, 104 So. 173, 175.

It is established and uncontradicted in this case that the truck which collided with the appellant's car was owned by the Mississippi School Supply Company, an that Woodson was its servant and intrusted with the duty of driving the truck for the purpose of delivering its goods. That being true, the burden of proof devolved upon the master to prove that its servant had abandoned the duties of his employment and gone about some purpose of his own in which the master's business was not concerned, and which was not incident to the employment for which the servant was hired, and if the testimony leaves this question in doubt, it must be submitted to the jury. Barmore v. Vicksburg, etc., R. Co., 85 Miss. 426, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594, and Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318.

The appellant did not rest upon this presumption, but introduced the president of the company, Boyd Campbell, and the driver of the truck, Woodson, as witnesses in her behalf. By their evidence, it was established that the truck was owned by the appellee, and that Woodson was

its servant employed to drive the truck. This created a presumption that the relation of master and servant existed. But the testimony of Campbell and Woodson excluded the idea that, in using the truck to go to his lunch, Woodson was acting in furtherance of his master's business, and this applies as well to the detour to bring Rankin back to the office. It is not shown by the evidence to have been to the interest of the master that. these two employees return speedily to the place of employment. It was solely for their purposes and accommodation.

At the most, viewing it in the most favorable light, this was a mere lending of the truck by nonaction on the part of the master to the two employees in order that they might accomplish purposes of their own, not incident, pertinent, or subordinate to their employment. So far as the record discloses, it was no part of, or incident to, their employment.

In A. L. I., "Agency," Comment "D," sec. 229, p. 512, we find this statement: "Going to and from work. If the master supplies a servant with a vehicle in order that the servant may go to or from work, it is important to ascertain whether the vehicle is supplied primarily for the purpose of assisting the master's work, or for the purpose of assisting the employee to perform what is essentially his own job of getting to or from work. The mere fact that the employer supplies a vehicle does not establish that those who avail themselves of it are within the scope of employment while upon it, especially if the use is merely casual. On the other hand, the fact that the master contracts to supply a vehicle, or that the supplying of a means of access to the work is one of the inducements to the employment indicates that the operation of the vehicle is part of the master's work. If employees are required to use a particular vehicle, and particularly if they are paid while in it, it would ordinarily be found

that the driver of the vehicle is acting as the employer's servant.'' On page 513, we find this apt illustration: ''P. employs A., who lives two miles from P.'s office. As A. has difficulty in getting to the office on time, he persuaded P. to allow him to use an old car belonging to P. In driving to the office in this car, A. is not in the scope of employment.'' Also to the same effect are Berry on Automobiles (6 Ed.), sec. 1475, p. 1139, and Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1414, and 42 C. J., sec. 868, p. 1108.

In the case at bar, the servant did not, in any manner, join the master's business, and we have reached the conclusion that the jury could not so infer from the facts of the case. The mere lending of one's automobile to another does not create liability of the owner to any one injured by the negligent driving thereof. Sharples v. Watson, 157 Miss. 236, 127 So. 779. Of course, this rule is subject to the modification that if the lender knowingly puts his automobile into the hands of an incompetent driver, he may or may not be liable, according to the circumstances.

We are, therefore, of the opinion that the case of Southern Bell Tel. Co. v. Quick, 167 Miss. 438, 149 So. 107, cannot be invoked to apply to the facts of the case at bar. In that case, Stewart, the employee, was engaged in the master's business and was using his automobile in the furtherance thereof. He had orders to go to lunch and to return to the office, and he used the automobile to go to his lunch. His speedy return and the fact that the automobile had never been brought back to the place of storage by the servant rendered the use thereof, at the moment of the injury, in furtherance of the master's business; and the deviation or detour by the servant, in the use of the automobile, under the circumstances, rendered its use by Stewart, at the time of the injury, a question

for the jury as to whether or not Stewart was still engaged in his master's business.

We are of the opinion that the court below correctly apprehended and applied the facts in this case to established principles of law, and correctly excluded the evidence and granted the peremptory instruction requested.

The suggestion of error will be sustained and the cause affirmed.