BRAND *et al. v.* TINNIN.

(In Banc. Feb. 24, 1941.)

[200 So. 588. No. 34169.]

Jacobson, Snow & Covington and **J. M. Travis**, all of Meridian, for appellants.

414

Reily & Parker, of Meridian, for appellee.

Argued orally by **J. M. Travis** and **E. L. Snow**, for appellants, and by **James E. Parker** and **Marion W. Reily**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Lauderdale County against appellants, Grady Brand, trading as "630 Taxicab Company," and Chester Gordon, the taxicab driver, to recover damages for a personal injury received by him as the result of being struck by a taxicab driven by Gordon. There was a trial resulting in a verdict and judgment for appellee in the sum of

$5,000. From that judgment, appellants prosecute this appeal.

Appellants contend that the court erred in refusing their request for a directed verdict, which request was based upon the ground that the uncontradicted evidence showed that the sole proximate cause of appellee's injury was his own negligence, and if mistaken in that contention appellant Brand contends that · a verdict should have been directed in his favor upon the ground that the uncontradicted evidence showed that at the time of the injury, Gordon, the driver of the taxicab, was acting without the scope of his agency and not in furtherance of Brand's business. The other alleged errors consisted in the giving of certain instructions for appellee and refusing certain instructions requested by appellants. We will undertake to consider and dispose of those questions in the order stated.

Gordon, driving a taxicab west on Fifth Street in the City of Meridian, struck and seriously injured the appellee while he was undertaking to cross the street in front of the approaching taxicab. There was substantial evidence tending to show negligence on the part of both Gordon and the appellee which proximately contributed to the injury. There was no error therefore in refusing to direct a verdict for the appellants upon the ground that the evidence showed without conflict that the sole proximate cause of the injury was appellee's negligence. We do not think it would be any use to the bench and bar to set out the evidence for and against that contention and the governing principles of law. There are many cases in our official reports of like kind in which the facts are fully stated and the governing law laid down.

We are of opinion, however, that the court should have directed a verdict in favor of Brand alone upon the ground that he was not chargeable with the negligence of Gordon, the driver of the taxicab, and we reach that conclusion upon the following considerations which embody a state of facts rather unusual:

· The headquarters or terminal station of Brand's taxi-cab business was located at the rear of the Lamar Hotel in the City of Meridian. In the terminal there were offices, telephones, and telephone operators. Brand owned no taxicabs. They were owned by the taxicab drivers. Under the arrangement between them, the drivers paid Brand $1.25 a day for each day they were in the service. That is all Brand got out of the business. The drivers got all the fares from the patrons. There were several contact stations in the city. The purpose of their establishment was to save time and expense to the taxicab drivers. When a passenger was delivered at his destination, the taxicab driver would go to the nearest call station, if nearer than the terminal station, and telephone to the terminal to ascertain whether he had a call to serve another passenger, and, if so, where located. On the other hand, if the terminal station was nearer to him, he would drive there and ascertain if there was a call for his services. The taxicabs when in the terminal station would be called for service by Brand in rotation unless some proposed passenger asked for some particular driver. In that case his request would be granted. The hours of the drivers were from seven o'clock in the morning to around ten o'clock at night. They had the right to, and often did, when business was slack, use their taxicabs for their own private purposes, including social purposes. Each taxicab had inscribed on it in characters easy to be read, "630 Taxicab Company."· It will be seen at once that by these means Brand served both the public and the taxicab drivers, and that the latter in turn served both Brand and the public. For his services, as stated, each driver paid Brand $1.25 a day regardless of whether he rendered any service whatever. In other words, Brand got that sum from each driver whether he served one or hundreds of passengers, or served none. The drivers got all the fares as compensation for their services to both Brand and the public. If on any particular day a driver was not called into service

he lost the fee paid Brand and got nothing of course from the traveling public. If a driver stepped aside and used his taxicab for his own private purposes, and while doing so he had a call, the loss was his.

On the day of appellee's injury, Mrs. Swan called for a taxicab to be carried to the corner of the First National Bank in Meridian. Gordon responded to the call. Mrs. Swan and her sister, Mrs. Moore, lived together in their home. Each had a child. Gordon and Mrs. Moore ''were keeping company as sweethearts.'' When he reached the home, Mrs. Moore and the children were present, as well as Mrs. Swan. He invited Mrs. Moore and the children to ride with him to the place at which Mrs. Swan was to be delivered. They accepted the invitation. Mrs. Moore, however, stated that she was not dressed to see the public, and requested that when her sister had been disposed of, she and the children desired to be returned to their home. Gordon agreed to this. Accordingly, after letting Mrs. Swan out at the corner of the First National Bank, they started back to the Swan-Moore home. Mrs. Swan paid the regular fare. On this trip back, appellee was struck and injured. Gordon testified, and his evidence is undisputed, that although ordinarily he would stop for a flag-passenger, he would not have done so on this occasion for the reason that his taxicab was already loaded with four persons, and for the further reason Mrs. Moore was not dressed to meet other persons. Gordon charged Mrs. Moore and the children no fare. It was a social occasion. He was serving no one except himself and Mrs. Moore and the children, and in doing so was breaching no duty that he owed Brand.

We think the case of Bourgeois v. Mississippi School Supply Co., 170 Miss. 310, 155 So. 209, is in point. It was held in that case that a truck driver employed to deliver the truck owner's goods, who drove the truck to his home for lunch, and on the way back departed from the direct route to call for another of the truck owner's employees, as a favor to such employee, was not engaged

in the master's business so as to render the truck owner liable for injuries and damages resulting when the truck, while on the way to such other employee's home, collided with an automobile. The following cases, although not directly in point, support the principles laid down in that case: Shell Petroleum Corporation v. Kennedy, 167 Miss. 305, 141 So. 335; Barmore v. Vicksburg, S. & P. R. Co., 85 Miss. 426, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594; McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 146 So. 877; Canton Cotton Warehouse Co. v. Pool, 78 Miss. 147, 28 So. 823, 84 Am. St. Rep. 620; Davis v. Price, 133 Miss. 236, 97 So. 557; Woods v. Franklin, 151 Miss. 635, 118 So. 450; Harrington v. Gough, 164 Miss. 802, 145 So. 621; Smith v. Dauber, 155 Miss. 694, 125 So. 102.

Appellee lays much stress on the fact that before the trial both Gordon and Brand admitted to witnesses that on the occasion of the injury, Gordon was carrying passengers or was engaged in the taxicab business. Gordon and Brand explained in their testimony that whatever admissions of that character they had made, it was without any regard to the facts, which were undisputed, that Mrs. Moore and the children paid no fare and were being carried alone for the pleasure of all of them. They show, not being lawyers, that they did not comprehend the difference in carrying persons for hire and in carrying persons as these were carried. That Gordon at the time of the injury was serving his own purposes and none other, and that he had a right to do so we think is without substantial conflict in the evidence. It follows, therefore, that the court erred in refusing to direct a verdict for Brand.

It follows that Gordon, the remaining defendant, is only concerned with the instructions to the jury affecting his rights. It is assigned and argued that the court erred in giving some of the instructions for appellee and refusing some requested by appellants. After a careful consideration of the instructions, we are of opinion that the jury were given the applicable law of the case and there was no error in the granting and refusing of instructions.

In number there are something like forty instructions, occupying forty-three pages of the record. To take up and discuss each point made with reference to the instructions would probably occupy many pages of this opinion and answer no useful end. No new question is involved.

Affirmed as to appellee Gordon and reversed and judgment here for Brand and dismissed.