SIMMONS v. JAMES.

Division A.   Jan. 15, 1951.

No. 37749  (49 So. (2d) 839)

**E. C. Black,** for appellant.

**T. N. Gore,** for appellee.

**Arrington, C.**

The appellant, John W. Simmons, brought this action against appellee, F. O. James, in the Circuit Court of Quitman County, Mississippi, for damages for personal injuries received, and damage to his automobile. When the appellant rested his case, motion was made to exclude the evidence and for a directed verdict, which motion was sustained. Hence this appeal.

The evidence in this case shows that the appellant ran into a trailer owned by the appellee, and from the collision he received personal injuries and damage to his automobile; that the tractor and trailer was operated by one G. M. Fair, an employee of the appellee, James; that Fair had been using the tractor and trailer on the day of the collision to haul cotton to a gin; that James went to the gin, and, observing that the cotton would not be ginned until after dark, instructed his employee, Fair, to leave the tractor and trailer at the gin as it did not have lights, and not to drive on the highway after dark.

The uncontradicted evidence shows that Fair, disregarding his master's orders not to drive the tractor and trailer after dark but to leave same at the gin, picked up personal property of his own and proceeded on his way; that after driving a distance he met his son in a pickup truck; that he pulled the tractor and trailer off the road and transferred his bundles from the trailer to his son's truck preparatory to going home. At that

time the collision occurred. From this evidence it is shown that Fair was not only acting in direct disobedience to his master's instructions, but had abandoned his master's business and was about his own.

This case is controlled by Stovall v. Jepsen, 195 Miss. 115, 13 So. (2d) 229, 230, and authorities cited therein. The Court there said: ██ ██ "If a servant steps aside from the master's business for some purpose of his own disconnected from his employment, the relationship of master and servant is temporarily suspended and 'this is so no matter how short the time, and the master is not liable for his acts during such time'. 39 C. J., pages 1925 and 1926; 5 Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., Section 3046; Bourgeois v. Mississippi School Supply Co., 170 Miss. 310, 155 So. 209; Southern Bell Tel. & Tel. Co. v. Quick, 167 Miss. 438, 149 So. 107; Brand v. Tinnin, 190 Miss. 412, 200 So. 588; Brown v. Bond, 190 Miss. 774, 1 So. (2d) 794."

██ ██ The lower court correctly sustained the motion for the requested peremptory charge, and the judgment is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.