SMITH, Justice:
The action out of which this appeal arose was begun against appellee, M. A. Ruff, Jr., in the Circuit Court of Hinds County by appellants, who are the heirs at law of Ricky Leon Spell, a fourteen year old boy, for the recovery of damages for his alleged wrongful death in an automobile-motorcycle collision, and was brought under the provisions of Mississippi Code 1942 Annotated section 1453 (1956).
The case was tried and submitted to a jury which returned a verdict for the defendant-appellee. From the judgment entered pursuant to that verdict, this appeal has been prosecuted.
*8 The collision which resulted in the death of Ricky Leon Spell occurred near midday on July 26, 1966, a hot, dry day, at the intersection of Kickapoo Road and Pine-haven Road, about eight or nine miles northwest of the City of Jackson. Kickapoo runs east and west and Pinehaven north and south. Both Kickapoo and Pinehaven are paved blacktop roads twenty-one feet in width and at this point approximately level and straight. A stop sign requires traffic proceeding south on Pinehaven to stop before entering the intersection. There is no such sign, and no such requirement for traffic, on Kickapoo Road. The speed limit on Kickapoo Road is fifty miles per hour.
Upon the occasion in question Ruff was driving a 1961 Ford automobile west on Kickapoo Road and young Spell and another boy of about the same age were riding tandem on a motorcycle and proceeding south on Pinehaven Road. The record does not disclose which of the two boys was driving the motorcycle.
A collision between Ruffs automobile and the motorcycle occurred in the northwest quadrant of the intersection, as the result of which both Ricky Leon Spell and his companion were killed instantly.
Ruff was the only survivor of the collision and was placed on the stand by appellants as an adverse witness. He testified that he had been driving along Kickapoo Road at a speed of about forty-five and fifty miles per hour and had slowed to a speed of thirty to thirty-five miles per hour as he approached the Pinehaven intersection. He said that he observed the boys as they approached the stop sign on Pinehaven and that it appeared to him that they were stopping there, and in fact, “they had got slow enough if they just put their foot down they could have been stopped.”
Ruff proceeded to enter the intersection, traveling about thirty to thirty-five miles per hour, and as he did so, according to Ruff’s testimony, the boys on the motorcycle suddenly “gunned right out in front of me,” “they shot right out” and the fatal collision ensued.
Ruff’s testimony was to the effect that the motorcycle had been “gunned” out into the intersection after he had already entered and had proceeded some sixteen or eighteen feet into it. He stated that the boys had “shot right out” so suddenly, and at a time when he was so close, that he could do nothing more than attempt to “pull the car to the left” in an unsuccessful effort to miss them. After the impact his automobile continued down, across and off the road on Ruff’s left.
Appellants sought to contradict Ruff through the testimony of a witness who had arrived at the scene some time after the collision and who testified that he had observed skid marks on Kickapoo Road which he attributed to Ruff’s automobile. Ruff had testified that he had not had time to apply his brakes. The witness had made no measurements on the day of the collision, and his testimony at the trial was based upon measurements which he made fifteen months afterward. Upon cross-examination he was somewhat uncertain as to where the •marks he remembered had been, and when shown a photograph of the spot (which had been taken shortly after the collision and on the same day), he admitted that the only skid marks appearing on the pavement seemed to have been made by a dual wheel vehicle.
Another witness, offered by appellants, testified that Ruff had said following the collision that the boys had come to a complete stop at the stop sign (rather than to a virtual stop,) not “having put their feet down.” This witness, however, stated that Ruff had also told him at the time that the boys had dashed out in front of him.
In this state of the record, appellee moved for a directed verdict, and upon the conclusion of all of the evidence, requested a peremptory instruction. The trial court overruled the motion, refused the instruction and allowed the case to go to the jury which returned a verdict for appellee.
*9 Appellants seek reversal and assign as prejudicial error certain jury instructions granted at the request of appellee.
Appellants’ first assignment is to the effect that the use of the word “privilege” in two instructions referring to the right-of-way enjoyed by vehicles on the through road to proceed through the intersection was fatal error. In support of appellants’ argument of this proposition they quote a definition of “privilege” from Webster’s New Collegiate Dictionary (2d ed. 1960):
1. A right or immunity granted as a peculiar advantage or favor; a personal right, esp. derogation of common right. A common right. 2. A grant of a special right or immunity. * * *
Both of the instructions criticized for the use of the word are expressly predicated upon the necessity of a precedent finding by the jury from the evidence that at the time in question Ruff was driving his automobile in a careful, lawful and reasonable manner and that his automobile had entered the intersection of Kickapoo and Pinehaven Roads before or approximately at the same time that the motorcycle had arrived there, and had the effect only of informing the jury that if it so found, Ruff had the privilege of continuing through the intersection.
This Court itself has used the word “privilege” to describe the right of the driver of a vehicle traveling on a right-of-way street when he arrives at its intersection with a cross street at approximately the same time as a vehicle on the cross street arrives there, and has stated that the vehicle on the right-of-way street has the privilege of proceeding, saying that this was the extent of the rule. Myers v. Tims, 161 Miss. 872, 138 So. 578 (1932), Whatley v. Books, 180 Miss. 372, 177 So. 1 (1937).
Under the facts in this case we do not consider that the word “privilege” in these two instructions, especially when read in context and in connection with all of the other instructions in the case, was capable of misleading the jury or of being understood as informing the jury that since Ruff had the right-of-way at the intersection he was relieved of all duty to exercise reasonable care. Clisby, Use of Home Ins. Co., v. Mobile & O. R. Co., 78 Miss. 937, 29 So. 913 (1901), Mitchell-Davis Distributing Co. v. McDonald, 223 Miss. 573, 78 So.2d 597 (1955).
The other assignment of error embodies a criticism of two other instructions granted at the request of appellee, and is based upon a contention that, instead of the phrase “a reasonably prudent person * * under the same or similar circumstances” used in the instructions, the instructions should have required a finding that Ruff had acted as a “reasonably prudent and capable driver,” citing Williams v. Moses, 234 Miss. 453, 106 So.2d 45, 46 (1958). (Emphasis added.)
In Williams, supra, in distinguishing Brand v. Tinnin, 190 Miss. 412, 200 So. 588 (1941) cited as authority for the approval of the instruction condemned in Williams, this Court said:
The facts in Brand v. Tinnin, supra, where the instruction was granted, were entirely different from those in the case at bar.
The facts in the case now under review are “entirely different” from those in Williams. In Williams, a pedestrian was struck at the intersection of Canal Street, running north and south, and Highway 84 By-Pass, which runs' east and west, in the City of Natchez. There was a traffic control light at the intersection with a constantly flashing caution light for traffic traveling the ByPass and an ordinance of the City of Natchez required all vehicles traveling the ByPass to proceed into the intersection only with caution. The pedestrian had come from the south, was proceeding north and had almost completely crossed the By-Pass (which at this point was wide enough to carry three lanes of traffic) when she was hit by a truck only three feet from the *10 north curb of the By-Pass. Fifty to sixty feet of skid marks were laid down by the right wheels of the truck, only eight to ten feet by the left wheels.
Morris v. Boleware, 228 Miss. 139, 87 So.2d 246 (1956) is more nearly in point here. • In Morris, the defendant had struck a child, too young as a matter of law to be guilty of contributory negligence, who according to defendant’s testimony had dashed suddenly in front of him at the intersection. Upon disputed evidence the jury returned a verdict for defendant. On appeal, plaintiff-appellant attacked a certain instruction granted the defendant defining his duty under the evidence. In rejecting appellant’s argument and affirming the case, this Court said:
The plaintiff, by several instructions, presented the applicable law, if the jury believed the evidence which she adduced. On the contrary, the defendant, by his instruction Number 2, presented the applicable law, if the jury believed the evidence which he produced.
But, the appellant contends that the instruction Number 2 was erroneous. The instruction told the jury, in effect, that if they believed from the evidence that Boleware was driving his automobile at a reasonable speed and had the same under reasonable control and was maintaining a reasonable lookout and that the plaintiff ran from behind some parked vehicles into the path of the defendant’s automobile at a time when the traffic light facing the defendant was green, and that the defendant then acted as a reasonable person would have acted in trying to avoid striking the child, but despite his efforts, his car did strike the child, then it would be the duty of the jury to find a verdict for the defendant, even though the defendant’s automobile did hit the child.
[1] There was no fallacy in this instruction. * * *
Of the two instructions thus criticized here, the first expressly limited its definition of the word negligence to negligence “as used in these instructions” and all of the instructions, including the second of the two criticized, make it clear that they refer specifically to Ruff’s acts as driver in operating his automobile upon the occasion in question. Again we are of the opinion that the instructions read together were incapable of having misled the jury in that regard. Moreover, no issue was made, either by pleadings or proof, as to Ruff’s competency or capability as a driver. Among other definitions, “capable” is defined as: “Having legal capacity or competency; * * * ” Webster’s New Collegiate Dictionary (2d ed. 1960). It is abundantly clear that the jury was informed by the instructions that Ruff was required to drive his automobile asa “reasonably prudent person” would have done under the same or similar circumstances and manifestly this had reference to his actions as operator or driver of the automobile.
We have concluded that the issues in the case were adequately and correctly covered by the instructions when “read as a complete entity.” Mitchell-Davis Distributing Co. v. McDonald, supra.
Upon this appeal from the jury’s verdict, all that the evidence proved or reasonably tended to prove, together with all reasonable inferences to be drawn therefrom, favorable to the appellee, must be accepted as having been established. The record reflects that there was a close question as to whether or not Ruff was entitled, upon the close of the evidence, to have the jury peremptorily instructed to return a verdict in his favor. However, the trial court denied his request for such an instruction and submitted the case to a jury which returned a verdict for Ruff. This verdict had the effect of foreclosing all issues of fact which arose out of or were created by the evidence. The jury, as the trier of facts, was warranted in finding from the evidence that the operator of the motorcycle failed to stop, or having stopped, suddenly dashed into the path of Ruff’s automobile *11 after it had entered the intersection too late for Ruff to avoid it and that his negligence in so doing was the sole proximate cause of the collision. The record reflects that no error prejudicial to the rights of appellants was committed in the trial of the case and therefore the judgment appealed from must be affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.