RODGERS, Justice:
This is a personal injury suit. The appellant sued the appellee in the Circuit Court of Washington County, Mississippi, for personal injuries received as a result of an automobile accident which occurred October 17, 1966. The appellant, a pedestrian, was struck and injured by an automobile operated by Charles Jones. The jury returned a verdict in favor of the defendant. The plaintiff, Glenn O. Briscoe, made a motion for a new trial. The motion was overruled. The plaintiff appealed to this Court and now contends that, (1) the verdict of the jury was against the overwhelming weight of the evidence; (2) the court committed reversible error in refusing an instruction requested by the plaintiff, and in granting the defendant two instructions, numbered three and six; (3) the court was in error in refusing to permit the chief of police to testify as to the proper method of entering the restaurant area from McAllister Street from the south.
*126 The accident occurred under the following circumstances: The appellant, Glenn O. Briscoe, was travelling east from his home in Dallas, Texas, on U. S. Highway 82 until he reached Greenville, Mississippi. He stopped for lunch and parked his automobile in front of Lowry’s Restaurant. The weather was favorable, but cloudy. After eating a sandwich, Mr. Briscoe left the restaurant and walked east across McAl-lister Street to use the men’s lounge at a service station which was located on the southeast corner of the intersection of McAllister Street and U. S. Highway 82. McAllister Street runs in a north and south direction. Both roads are hard-surfaced. U. S. Highway 82 is a four-lane highway, but McAllister Street is only a two-lane street. There is no marked center line on McAllister Street, but there is a visible crack down the center of the street. There is an electrically controlled signal light in the center of the intersection of the street and highway. Mr. Briscoe found that the men’s lounge was occupied. He turned and retraced his steps toward his automobile which was located across on the west side of McAllister Street in front of the restaurant. He testified that when he reached the east curb of McAllister Street he stopped before entering the street and looked to his right at the traffic signal and found that the signal light permitted him to cross the street. He then looked south and found the street to be clear. He stepped into the street and walked halfway across the street. He was within three or four feet of the west curb when he heard the brakes of a car “screech.” He did not see the car approaching him from the south until it was on him. He jumped, but the right side of the car bumper struck him and knocked him down. He was carried to the hospital in an ambulance. He was hospitalized twenty-one (21) days because of injuries to his leg and back. He admitted he may have waited thirty (30) seconds after looking at the traffic signal before he entered the street. There was one eyewitness other than plaintiff and defendant. However, there were other witnesses who saw the plaintiff lying in the street two or three feet from the west curb and the automobile operated by the defendant. The automobile was “angled across the center line” of McAllister Street. Plaintiff admitted that he had recently undergone two operations on his eyes for cataracts.
The appellee testified that he intended to turn into the restaurant parking lot. The curb on the west side of McAllister Street was arranged so as to permit one to drive onto the parking lot without entering Highway 82 at the intersection. Defendant Jones testified that as he drove north on McAllister Street he saw the plaintiff standing on the east curb of the street looking at the traffic. He reduced his speed and put his foot on the brake as he approached. The plaintiff walked out in the street to the center of the street where he stopped and looked toward the defendant for a few seconds. The defendant concluded that the plaintiff intended to yield the right of way since the green signal light permitted him to proceed. The defendant testified that he continued toward the plaintiff until he was within ten (10) feet of him; that the plaintiff suddenly stepped out directly in the path of the automobile. Defendant applied his brakes and swerved to the left, but the right front part of his car struck the plaintiff. The defendant stopped immediately. He said the plaintiff was lying approximately one and a half to three feet west of the center crack of the street and four or five feet north of the defendant’s automobile. He said Mr. Briscoe was wearing dark glasses standing on the curb, but after his car struck him, he did not have on glasses. He said Mr. Briscoe stopped before he got to the center of the street and was standing looking at young Mr. Jones.
The only eyewitness testified that the electric signal light had stopped the traffic east and west on U. S. Highway 82 and school children were going north and south *127 across the highway at the time the automobile struck the plaintiff.
An opthalmologist was introduced and he testified as to the sight limitation of a person who had undergone a cataract operation, indicating his inability to see properly and particularly without glasses. He testified that there was a blind spot in the sight pattern of a person who had undergone a cataract operation,
From an examination of the entire record in this case, we have reached the conclusion that the verdict of the jury was not against the weight of credible evidence. We have carefully examined the record to determine whether or not the court erred in refusing two instructions offered by the appellant and in refusing to permit an officer to testify as to what was permissible to be done under a city traffic ordinance with reference to a left turn into Lowry’s Restaurant, and we are of the opinion the court did not err in this respect. We are also of the opinion that the instruction granted the defendant with reference to the city ordinance crosswalk restrictions was not reversible error.
Defendant’s instruction number six, giving the defendant the right to assume that the plaintiff would yield the right of way, is perhaps erroneous, but the plaintiff obtained three instructions which properly cured the defect in defendant’s instruction number six, if in fact, the wording of the instruction is erroneous. All instructions must be read together as the instructions of the court. Spell v. Ruff, 217 So.2d 7 (Miss.1968). Moreover, the facts in this record leaves room for little doubt that the jury returned a proper verdict.
We affirm the judgment of the trial court.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.